# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIGUEL MUNIZ-MUNOZ,**

    Petitioner,

  v.                                                                                                                       **Case No. 18-CV-729**

**WILLIAM POLLARD,**

    Respondent.

## ORDER GRANTING STAY AND ABEYANCE

Petitioner Miguel Muniz-Munoz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 10, 2018. (Habeas Petition, Docket #1.) Muniz-Munoz is currently serving a life sentence following his conviction for first-degree intentional homicide and first-degree recklessly endangering safety. (*Id.* at 2.)

In his petition, Muniz-Munoz raises four grounds for relief. In ground one, Muniz-Munoz alleges that his right to a fair trial was violated by jurors sleeping during his trial. (Docket # 1-1 at 1.) In ground two, Muniz-Munoz alleges that his Sixth Amendment right to confrontation was violated when the state did not produce the doctor who performed the victim's autopsy for cross-examination. (*Id.*) In ground three, Muniz-Munoz alleges that his due process rights were violated when the court refused to give a jury instruction on unrecorded interrogations. And in ground four, Muniz-Munoz alleges that the court violated his rights by failing to grant a discovery motion. I am satisfied that the grounds stated by Muniz-Munoz in the petition translate, at least colorably, into violations of rights under the United States Constitution. Further, from the face of the petition, it

appears that Muniz-Munoz exhausted his available state remedies as to these four claims. (Docket # 1-1 at 6-21.)

However, Muniz-Munoz has also filed a motion to stay his habeas petition and hold it in abeyance as he is currently pursuing a Wis. Stat. § 974.06 motion in Milwaukee County Circuit Court. (Docket # 3, Docket # 8.) In Muniz-Munoz's Wis. Stat. § 974.06 motion, he now raises the issues of ineffective assistance of trial and post-conviction counsel. (Docket # 1-1 at 22-26.)

Although Muniz-Munoz has not specifically raised the ineffective assistance of counsel claims in his petition, it appears that he intends to include them in his petition. Thus, Muniz-Munoz's petition is a "mixed petition," meaning it contains both exhausted and unexhausted claims. Generally speaking, the court cannot adjudicate a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). However, the Supreme Court has stated that it would be an abuse of discretion to deny a stay and to dismiss a mixed petition if the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Although the Supreme Court did not define "good cause" and has only offered the suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the petitioner is required to offer some reason for his failure to exhaust, *Rhines*, 544 U.S. at 277-78.

Muniz-Munoz states that his ineffective assistance of trial/post-conviction counsel claim is unexhausted because his post-conviction counsel refused to raise it. (Docket # 8.) Because ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default, *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012), and because the

respondent does not object to the stay (Docket # 12), I will grant Muniz-Munoz's motion to stay and hold his petition in abeyance while he exhausts his state court remedies.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's request to stay and hold in abeyance (Docket # 3 and Docket # 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is closed for administrative purposes during the stay.

**IT IS FURTHER ORDERED** that both the petitioner and the respondent must provide the Court with an update on the status of the state court proceedings **ninety (90) days** from the date of this Order.

**IT IS FURTHER ORDERED** that following the conclusion of his state court proceedings, Muniz-Munoz must move to reopen this habeas case within **thirty (30) days**. Failure to file a motion to reopen within thirty (30) days as directed above may provide cause for this case to remain closed.

Dated at Milwaukee, Wisconsin this 27th day of June, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge